**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2014, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAWN M. BAILEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  84A01-1308-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause Nos. 84D01-0911-FC-3456 and 84D01-0911-FC-3532

**January 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Dawn Bailey appeals the trial court's revocation of her probation and contends that the trial court erred when it reinstated the remainder of her suspended sentences. More particularly, Bailey argues that, even though she pleaded guilty to violating several conditions of her probation, the trial court should not have reinstated the remaining four years of her sentences. In light of Bailey's complete failure to adhere to the requirements of her probation, we cannot say that the trial court erred in revoking her probation or in ordering her to serve the reminder of her originally-suspended sentences.

FACTS

On September 15, 2011, Bailey, pursuant to a plea agreement, pleaded guilty to two counts of class C felony forgery and three counts of class D felony theft. Bailey received a sentence of four years on each of the forgery counts and two years on each of the theft counts. Each of the sentences were to run concurrently, for an aggregate sentence of four years. The trial court ordered that two years of Bailey's sentences be executed and two years be suspended and that she spend two years on formal probation.

Also on September 15, 2011, in a second cause, Bailey pleaded guilty to class C felony forgery and was sentenced to four years, with two of those years executed, two suspended, and two years served on formal probation. When combined, the two sentences amounted to four years executed, four years suspended, and four years on formal probation.

2

Following Bailey's release from the Department of Correction, a notice of probation violation was filed on April 24, 2013. The notice alleged that Bailey had not notified the probation office of her change of address, that her whereabouts were unknown, and that she had failed to report for a drug screen. On April 25, 2013, a warrant was issued for Bailey's arrest. On May 3, 2013, Bailey once again failed to report to her probation officer. On July 9, 2013, Bailey pleaded guilty to violating her probation in both causes, and, on July 17, 2013, the trial court revoked Bailey's probation. After examining Bailey's file, the trial court determined that she should serve the remainder of her suspended sentences, a total of four years.

Bailey now appeals.

### DISCUSSION AND DECISION

The decision to revoke probation is within the sole discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, we review that decision for an abuse of discretion. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). We consider only the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. Id. If we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of her probation, this Court will affirm the trial court's decision to revoke probation. Id. at 639-40.

Here, Bailey pleaded guilty to violating the terms of her probation. Appellant's App. p. 19-20. Her probation was predicated on her ability to fulfill certain requirements,

3

namely reporting to her probation officer and participating in drug screens. Id. at 39. In light of Bailey's failure to comply with these requirements or even inform the probation office of her whereabouts, the trial court properly concluded that she was incapable of or refused to adhere to the conditions of her probation. Id. Additionally, while Bailey argues that the trial court revoked her probation without adequate information, we do not find this argument convincing because the record demonstrates that the trial court had examined Bailey's files several times before her hearing and Bailey had pleaded guilty to the alleged violations. Tr. p. 1-2; Appellant's App. 19-20. Considering Bailey's disregard of her probation requirements, the trial court was well within its discretion in ordering Bailey to serve the remainder of her sentences.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.